1:22 MJ 9181

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Jason M. Guyton, a Special Agent (SA) with the Department of Homeland Security Investigations (HSI), being duly sworn, do herby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), currently assigned to HSI Cleveland, Ohio. I have been employed with HSI since March 2009. As part of my daily duties as an HSI Special Agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2252(a) and 2252A(a). I have received training in child pornography and child exploitation investigations and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I teach child exploitation investigations to new agents at the HSI Academy and have presented at multiple national conferences related to these investigations. I have written numerous affidavits in support of search and arrest warrants related to investigations of child pornography, online enticement, and other child exploitation crimes. I am a federal law enforcement officer authorized by the Secretary of Homeland Security to request the issuance of search warrants.

2. As a federal agent, I am authorized to investigate violations of the United States laws and to execute warrants issued under the authority of the United States.

3. I am investigating the activities of Richard Roy BLACK (Date of Birth: XX/XX/1966), who utilized the name "John" and the telephone number (440) 265-XXXX [redacted] to access Chat Application A group chats dedicated to the dissemination and discussion of child pornography and sexually explicit acts with minors. As will be shown below, there is probable cause to believe that Richard Roy BLACK received visual depictions of real minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and possessed/accessed with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

4. The statements in this affidavit are based in part on information provided by HSI agents, including those located in Pretoria, South Africa, the South African Police Service (SAPS), analysts, and on my investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a Complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Richard Roy BLACK engaged in conduct in violation of Title 18 §§ 2252(a)(2) and 2252A(a)(5)(B).

## STATUTORY AUTHORITY

5. This investigation concerns alleged violations of Title 18, United States Code, §§ 2252(a)(2) and 2252A(a)(5)(B), relating to material involving the sexual exploitation of minors.

   a. 18 U.S.C. § 2252(a)(2) and (b)(1) prohibit any person from knowingly receiving or distributing, or attempting or conspiring to receive or distribute, any visual depiction using any means or facility of interstate or foreign commerce, or that has been mailed or shipped or transported in or affecting interstate or foreign

2

commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproducing any visual depiction for distribution using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce or through the mails, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

b. 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) prohibit a person from knowingly possessing or knowingly accessing with intent to view, or attempting or conspiring to do so, any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## BACKGROUND OF CHAT APPLICATION A[1]

6. This investigation involves a secure chat platform, herein referred to as Chat Application A. Chat Application A is a communications platform based outside the United States

---

[1] Law enforcement knows the actual name of Chat Application A; however, the investigation into users of Chat Application A remains ongoing, and public disclosure of Chat Application A's actual name would potentially alert its members to the investigation, likely provoking members to notify other members of the investigation, to flee, and/or destroy evidence. Accordingly, to preserve the confidentiality and integrity of the ongoing investigation, the actual name and other identifying details of Chat Application A remain undisclosed in this affidavit.

with offices located in various countries including the United States. Service is offered through a desktop-based application along with mobile applications available for Android and iOS operating systems. Chat Application A service includes instant messaging, voice calls, video calls, and file sharing capabilities. To create and subsequently log into Chat Application A, a user must provide a cellular phone number prior to creating an account. The account cellular phone number is sent a verification text message with a verification key code to activate the account. Communication on Chat Application A is end-to-end encrypted and stored locally on the device used, meaning only the user can decrypt content stored on the device accessing Chat Application A.

7. Based on my training and experience, and the training and experience of other agents I have spoken with, I know Chat Application A is often used for illegal activity, including the exchange and access to child exploitation material, because of the high degree of anonymity that is offered to users during the use of Chat Application A. Chat Application A allows users to create their own group chats and invite other members to join the group. Further, once a user joins a group, they can invite other users to join any group of which they are a member.

8. The encrypted group[s] under the purview of this investigation are not available to the general public. Access to these groups is through invitation only, often through other Chat Application A child pornography sharing groups. Your Affiant knows that if you download Chat Application A on any electronic device that can access the Internet and search for the child exploitation sharing groups identified in this investigation, nothing will appear. The only way law enforcement has been able to identify these groups on Chat Application A is by arresting users, taking control of their accounts, and infiltrating additional groups.

## BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

9. On or about February 22, 2022, HSI Pretoria assisted the South African Police Service (SAPS) during the arrest of a South African national for the possession of child sexual abuse material (CSAM). During a consensual interview, the South African national consented to allow HSI to assume his online identity (herein referred to as "Subject Account 2") on Chat Application A. It was determined that the Subject Account 2 had access to twenty-seven (27) large scale group chats involving numerous individuals trading images/videos of Child Pornography as defined by 18 USC 2256.

10. HSI Pretoria accessed Chat Application A, Subject Account 2 and took screen recordings of all twenty-seven (27) group chats from the time the South African national joined these groups until April 2022. Additionally, a separate screen recording for each group was recorded, documenting each member of the group's username, and verified cellular phone number. All videos and images shared within each respective group were downloaded and saved for evidentiary purpose. Your Affiant reviewed the screen recordings from some of these groups and immediately observed files of suspected child exploitation material. These files were prominently displayed in the body of the chat for all users to see and access.

11. One (1) of the groups intercepted within Subject Account 2 was created on or joined by Subject Account 2 on April 3, 2021. The contents of the group were captured and preserved by HSI Pretoria on or about April 5, 2022. At the time the evidence/contents were captured and preserved, the group had a total of 164 users. Throughout this period, numerous files were shared depicting child pornography as defined in 18 U.S.C. § 2256. In addition to the files posted, many of the users engaged in chats about the exploitation of children, as well as

posting links to other forums involved in the exploitation of children.  Your Affiant reviewed all the screen captures and evidence preserved by HSI Pretoria, and a summary of some files distributed within this group can be more fully described as follows:

    a. One (1) video posted is approximately 2 minutes and 14 seconds long and depicts an adult male engaging in genital to anal sexual intercourse on a toddler male (18 to 24 months old).  The adult male holds the toddler in his lap facing the camera and aggressively thrusts his penis into him.  The adult male then places the toddler on his back, pushes his legs over his head, and climbs on top of the toddler.  The toddler can be heard screaming and crying throughout the full length of the video.

    b. One (1) video posted is approximately 39 seconds long and depicts an early pubescent male wearing no shirt with his shorts pulled down revealing his erect penis.  The early pubescent male is standing in front of a fully clothed pubescent male who he engages in genital to oral sexual intercourse with.

    c. One (1) video posted is approximately 56 seconds long and depicts a prepubescent female who is naked from the chest down lying on her back with her legs spread exposing her genitals to the camera.  Throughout the video the hand of an unknown adult can be observed rubbing the child's genitals and inserting their fingers into her vagina.

12.     One (1) Chat Application A user who was a member of this group had username "John" and a verified cellular phone number of +1 (440) 265-XXXX [redacted].  "John's"

contact information showed he was "last seen today at 5:22 AM" in this group. As noted above, the screen capture of this group was completed by HSI Pretoria on April 5, 2022.

13. On or about March 22, 2022, HSI Pretoria served T-Mobile Wireless with a DHS Summons (# ICE-HSI-SD-2022-01087) for cellular phone number: 1 440265XXXX [redacted]. T-Mobile Wireless produced subscriber information for the above number which is summarized below:

| | |
|---|---|
| Name: | Richard Black |
| Address: | XXX Old Main Road, Conneaut, OH 44030 [redacted] |
| Account Establish Date: | 3/19/2016 (Active) |
| Personal Telephone Number: | 440265XXXX [redacted] |
| Email: | RICHARDBLACKXX@SPRINTPCS.COM [redacted] |

14. On June 27, 2022, your Affiant conducted a check of the Ohio Law Enforcement Gateway (OHLEG) database and located Richard Roy BLACK (DOB:  XX/XX/1966; SSN: XXX-XX-0246), in Conneaut, Ohio.  OHLEG showed an electronic sexual offender record number (eSorn) listing FBI number 895296RA7 and BCI number OHC586352. The eSorn record indicated that BLACK was convicted for Lewd or Lascivious Assault upon a Child (Juvenile Male – 7 years old) in 1995.  The record indicated that BLACK must register as a sex offender quarterly for life, and that his registration is currently active with the Ashtabula County (Ohio) Sheriff's Office.  The eSorn record listed BLACK's residence as XXX Old Main Road, Conneaut, OH 44030 [redacted].

15. On June 28, 2022, HSI Pretoria provided your Affiant with a screen shot they took that same day showing that "John" was "Last seen yesterday at 11:26 PM" on Chat Application A.

7

16. On June 30, 2022, your Affiant spoke to Ashtabula County Sheriff's Deputy Lt. Tammy Antoun, who supervises individuals on the sexual offender registry. Lt. Antoun stated that all individuals on the registry must provide a phone number and that BLACK has used 440-265-XXXX [redacted] as his cellphone since March 19, 2016 (The same verified cellphone number that was used to create the account on Chat Application A).

17. On August 5, 2022, search warrants authorized by United States Magistrate Judge Jonathan D. Greenberg, were executed at BLACK'S residence in Conneaut, Ohio. The warrants were executed without incident and items to include cellphones, a tablet, and smartwatch were seized. Agents knocked and announced their presence at the door to the home with no answer. It should be noted that the home had a Ring Video Doorbell installed. After approximately three (3) minutes of clearing the first floor and announcing police with a warrant, agents encountered BLACK coming out of his bedroom on the second floor. BLACK claimed he could not hear agents because of a fan in his bedroom. BLACK was present and voluntarily agreed to be interviewed in relation to this investigation.

18. BLACK stated that he lived alone at the SUBJECT PREMISES and that he did not have regular visitors. BLACK stated that he has Internet service at the house that is password protected. BLACK stated that he had an old desk top computer, a Samsung tablet, and a cellphone that was in the kitchen. BLACK confirmed that his cellphone number is 440-265-XXXX [redacted] (the number used to create the account on Chat Application A. BLACK further stated that no other individuals utilized this phone.

19. Your Affiant showed BLACK a screen capture of the subject account "John" from Chat Application A and asked if it looked familiar. BLACK looked at the account and

claimed he did not know what it was. Your Affiant pointed out the phone number (+1440265XXXX) on the printout and BLACK confirmed that it was his cellphone. At that point, BLACK stated that unless your Affiant wanted to talk about sports, he was not going to discuss the printout any further. BLACK returned to the home at that time.

20. During the search of BLACK'S bedroom, agents could hear a cellphone ring coming from within the room. Agents found a hole in the bathroom wall that adjoined the bedroom. Upon further inspection, agents discovered a cellphone that was inside of the hole beneath the floorboards.

21. An onsite forensic preview of this cellphone showed that Chat Application A was installed on the device. Your Affiant looked at the results of this forensic examination and observed thousands of files of suspected child pornography. Three (3) of these files can be more fully described as follows:

- One video file is 6 seconds in length and depicts a prepubescent male engaging in oral to genital sexual intercourse on another prepubescent male.

- One video file is 4 minutes in length and depicts a prepubescent male engaging in oral to genital sexual intercourse on an adult male.

- One video file is 13 seconds in length and depicts a prepubescent male engaging in oral to genital sexual intercourse on a pubescent male.

## CONCLUSION

22. Based on the above information, there is probable cause to believe that Richard Roy BLACK violated Title 18 § 2252A(a)(2), receipt of visual depictions of real minors engaged in sexually explicit conduct, and 18 U.S.C. 2252A(a)(5), possession/access with intent to view

9

child pornography. Accordingly, I respectfully request that this Court issue an arrest warrant for Richard Roy BLACK, with a birth year of 1996 and a social security account number ending in 0246.

_____
Jason M. Guyton
Special Agent
Homeland Security Investigations

Sworn to via telephone after submission by reliable electronic means [Fed. R. Crim. P. 4.1] on this  05th  day of August 2022.

_____
JONATHAN D. GREENBERG
UNITED STATES MAGISTRATE JUDGE